**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 03:56 PM February 23, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GORDON REFRIGERATION INC, | ) | CASE NO. 10-63887 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

In May 2016, Debtor reopened its case and filed a motion to determine tax liability under 11 U.S.C. § 505. The unopposed motion requests a determination that no sales taxes are owed the State of Ohio for September through December 2010. 28 U.S.C. § 1334 establishes subject matter jurisdiction over the underlying case. The United States District Court for the Northern District of Ohio ascribed jurisdiction to this court on April 4, 2012. Gen. Order 2012-7. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

# FACTS

Debtor, a corporation, filed a chapter 7 petition on September 9, 2010. The chapter 7 trustee recovered assets and made a distribution to creditors. Administrative and priority claims were paid in full and unsecured creditors received a pro rata distribution. The case closed January 31, 2014.

In May 2016, Debtor moved to reopen the case to determine tax liability. The motion to reopen states that the Ohio Department of Taxation assessed the principal of the Debtor four months' postpetition sales taxes which "the principal does not have standing to contest because the amount owed by the corporation is considered final by the state." (M. Reopen, Doc. 69) On June 14, 2016, Debtor filed the motion to determine tax liability, alleging no sales taxes were owed for the months in question because Debtor was not operating. No party objected to the motion.

# DISCUSSION

The court declines to determine the taxes at issue. Section 505(a) states "the court may determine the amount or legality of any tax." This language does not obligate the court to make a determination. Kohl v. I.R.S. (In re Kohl), 397 B.R. 840 (Bankr. N.D. Ohio 2008); Johnston v. City of Middletown (In re Johnston), 484 B.R. 698 (Bankr. S.D. Ohio 2012); In re Beisel, 195 B.R. 378 (Bankr. S.D. Ohio 1996).

Courts have identified two purposes underlying § 505. The first goal is efficiency. By providing an alternate forum for resolution, claims can be decided more quickly, allowing estate administration to proceed expeditiously. Kohl, 484 B.R. at 845. Second, it opens the door for a trustee to challenge liability when the debtor fails to do so, protecting estate assets. Beisel, 195 B.R. at 380 (citation omitted). Determining these taxes would serve neither purpose. The estate was fully administered in 2013 and assets distributed.

Additionally, courts have declined to determine taxes for nondebtor "responsible persons" unless there is likely to be an impact on the bankruptcy estate. Johnston, 484 B.R. 698; In re Mgmt. Control Sys., Inc., 242 B.R. 658 (Bankr. S.D. Ind. 1999); Newland v. U.S. (In re Malone Prop.), 150 B.R. 160 (Bankr. S.D. Miss. 1993). The Sixth Circuit recognized the trend away from interpreting § 505 to grant broad jurisdictional authority to determine any tax, not merely taxes of the debtor. Mich. Emp't Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.), 930 F.2d 1132, 1138 (6th Cir. 1991). '[T]he jurisdictional grant to this Court could extend to tax disputes of third parties other than the debtor *provided, however,* that the IRS activity to be enjoined directly affected the debtor or the estate, and that the exercise of such jurisdiction was necessary to the rehabilitation of the debtor or the orderly and efficient administration of the debtor's estate." Id. (citing In re Major Dynamics, Inc., 14 B.R. 969, 972 (Bankr. S.D. Cal. 1981) (emphasis original)). The court can find no such benefit to the estate or debtor on the facts presented and therefore will abstain from making the § 505(a) determination.

Debtor's motion to determine the tax liability owed to the Ohio Department of Taxation

will be denied by a separate order to issue immediately.

# # #

**Service List:**

Edwin H Breyfogle
108 Third St NE
Massillon OH 44646

Richard P Schroeter Jr
Thomas R Houlihan
Amer Cunningham Co LPA
159 S Main St Suite 1100
Akron OH   44308-1322